MUTUAL BUILDING & INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5531. Promulgated May 3, 1928.

*L. L. Hamby, Esq.,* for the petitioner.
*J. Arthur Adams, Esq.,* for the respondent.

1000

OPINION.

SIEFKIN: A motion to dismiss the petition was filed by the respondent upon the grounds that a letter written to the petitioner by the respondent on May 23, 1925, rejecting certain claims for abate-

ment filed by the petitioner is not a deficiency letter. An order was entered denying the motion to dismiss upon the grounds that the letter in question evidenced a final determination by the respondent of a deficiency in tax within the meaning of section 273 of the Revenue Act of 1924, and such order is herewith affirmed. See *Florence M. Smith*, 5 B. T. A. 225.

The petitioner was incorporated as a building and loan association on March 31, 1891, under sections 9643 to 9675, inclusive, of the General Code of the State of Ohio. It contends that it is exempt from taxation for the year 1921, under section 231 (4) of the Revenue Act of 1921.

The Revenue Act of 1921, the effective date of which, so far as herein material, was January 1, 1921, provides:

SEC. 231. That the following organizations shall be exempt from taxation under this title—

\* \* \* \* \* \* \*

(4) Domestic building and loan associations substantially all the business of which is confined to making loans to members; and cooperative banks without capital stock organized and operated for mutual purposes and without profit; \* \* \*

The evidence discloses that after November 23, 1921, the date of passage of the Revenue Act of 1921, the petitioner ceased making loans to nonmembers. Of the total loans outstanding during the year 1921, at least 70 per cent of such were made to nonmembers or nonstockholders of petitioner, and at least 70 per cent of the petitioner's income for the year 1921 was derived from loans made to nonmembers or nonstockholders of the petitioner. The total loans made by the petitioner during 1921 amounted to $1,437,490, of which $835,400 represented loans made to nonmembers or nonstockholders between the dates of January 1, 1921, and November 23, 1921, and the remainder, $602,090, represented loans made to members or stockholders during the entire year 1921.

The evidence discloses that loans issued by the petitioner have varied in length from one to fifteen years, and the outstanding loans as of December 31, 1921, reflected unpaid or parts of unpaid loans made from about 1906 to 1921.

In *Johnstown Building & Loan Association*, 6 B. T. A. 463, we stated:

When Congress, in these acts levying income taxes, consistently granted to building and loan associations a favored position among other corporations, we have no doubt it did so on account of what it regarded as the well known and universally recognized peculiar characteristic of these organizations, and the legislative mind appears to have had no doubt that the plain lines of distinction between building and loan associations and other corporations would be found to be so apparent that there would be little, if any, difficulty, in distinguishing

those organizations exempt from those organizations upon which corporate income and profits taxes were levied.

\*　　\*　　\*　　\*　　\*　　\*　　\*

It thus appears that all the authorities agree that the distinguishing feature characteristic of building and loan associations is the substantial mutuality of benefit or its reverse existing between all members of each association, and that Congress in all of the Acts of 1909 to 1921 has granted an exemption from income and profits taxation only to those associations organized for mutual benefit or mutual purposes; that all of the authorities above cited agree that some measure of departure, like the borrowing of funds from nonmembers or the making of loans to nonmembers, when done merely as an incident to the general purpose of the organization, does not defeat the exemption.

In *The Broadview Savings & Loan Co.*, 10 B. T. A. 725, in discussing the characteristics of a building and loan association we stated:

But the mutuality peculiar to building and loan associations is not confined alone to the participation of the members in sharing profits and losses. Such mutuality pertains also to the members of an ordinary commercial partnership or association, and to the stockholders of an ordinary corporation engaged in a business enterprise for profit, the income of which is subject to tax. The mutuality essential to a building and loan association must include not only a mutuality of right with respect to the control of the association, and a mutuality with respect to the assets of the association, but its primary design must be that of an instrumentality of mutual helpfulness among its members in saving and borrowing for home owning. *Lilley Building & Loan Co.* v. *Miller*, 280 Fed. 143.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The fact that a corporation calls itself a building and loan association, or that it operates as such under the laws of a State, is not determinative of its true character. If the mutuality requisite to a building and loan association is lacking, it is not entitled to exemption from the Federal income tax.

The Revenue Act of 1921 governs the present proceeding and the fact that the petitioner made no loans to nonmembers after the date of its passage does not affect the case. Throughout the year 1921, the petitioner made loans in the total amount of $1,437,490, of which $835,400, or about 58.11 per cent, represented loans to nonmembers or nonstockholders. We must hold that the petitioner lacked the mutuality which is an attribute of a building and loan association.

It will be observed that section 231 (4) of the Revenue Act of 1921, hereinbefore quoted, provides that domestic building and loan associations shall be exempt from taxation if substantially all of the business is confined to making loans to members.

We are satisfied that where, as in this proceeding, over 58 per cent of the loans made throughout the year were to nonmembers or nonstockholders, "substantially all of the business" was not confined to making loans to members.

We must hold that the petitioner is not entitled to exemption from taxation under the Revenue Act of 1921.

*Judgment will be entered for the respondent.*